UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00072-CJC(MLGx)          Date: January 25, 2011

Title: UNITED STATES OF AMERICA v. ROBERT J. HENSLEY

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY IRS SUMMONS SHOULD NOT BE ENFORCED** [filed 01/14/11]

**Introduction and Background**

       On September 29, 2010, the IRS issued a summons to Robert J. Hensley directing Mr. Hensley to appear before an IRS officer on October 28, 2010, to give testimony and provide documentation of bank statements, checkbooks, canceled checks, saving account passbooks, and records or certificates for a particular period. (V. DiNardo Decl. ¶ 8, Ex. 1.) The Revenue Officer for the case, Vincent DiNardo, declares that the IRS is investigating Mr. Hensley's tax liabilities for taxable year 2000. (DiNardo Decl. ¶ 5.) The purpose of the investigation is to collect the correct federal tax liabilities owed by Mr. Hensley. (*Id.* ¶ 6.) Accordingly, Mr. DiNardo issued the summons. (*Id.* ¶ 8.) On October 5, 2010, Mr. DiNardo served a duplicate summons directly on Mr. Hensley. (*Id.* ¶ 9.) Mr. Hensley then failed to appear on October 28, 2010 or produce the requested documents. (*Id.* ¶¶ 10–11.) On November 4, 2010, the IRS sent Mr. Hensley a "last chance" letter directing him to appear on December 2, 2010, but Mr. Hensley again failed to appear. (*Id.* ¶ 12, Ex. 2.) Mr. Hensley still has not appeared or complied with the summons. (*Id.* ¶ 13.) The Government requests that the Court issue an order directing Mr. Hensley to show cause why the IRS summons should not be enforced. The Government's request is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00072-CJC(MLGx)								Date: January 25, 2011
												Page 2

---

**Legal Standard**

     IRS summonses are administrative, but enforcement by a federal court is an adversary proceeding in which the party summoned may have the opportunity to challenge the summons. *United States v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir. 1975). The Court shall not enforce a summons if it would constitute an abuse of process. *United States v. Powell*, 379 U.S. 48, 58 (1964). In order to obtain enforcement of an IRS summons, the government must first make a prima facie case for enforcement. *Powell*, 379 U.S. at 57-58. In order to establish a prima facie case for enforcement, the government must make the "minimal" showing that (1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all of the administrative steps required by the Internal Revenue Code. *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (citing *Powell*, 379 U.S. 48). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal*, 172 F.3d at 1144 (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)).

     Once the government has established the *Powell* elements, " 'those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service . . . . Without a doubt, this burden is a heavy one.' " *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)). "The taxpayer [or party summoned] may challenge and attempt to rebut the prima facie case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process." *United States v. Gilleran*, 992 F.2d 232, 234 (9th Cir. 1993). Accordingly, "the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required." *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1345 (9th Cir. 1983).

**Analysis**

     The sworn declaration submitted by Revenue Officer DiNardo is sufficient to demonstrate the Government's prima facie case of good faith. Mr. DiNardo has declared

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00072-CJC(MLGx)            Date: January 25, 2011
                                                                                          Page 3

that the summons was issued in order to make a determination as to the correct federal tax liability of Mr. Hensley for the tax year 2000, which is a permissible purpose pursuant to 26 U.S.C. § 7602(a).  (Decl. ¶¶ 4–8.)  Mr. Hensley's banking records are certainly relevant to determining the amount of federal taxes that he owes.  Mr. DiNardo declares that the IRS does not yet have the materials that they have requested and that the IRS complied with the administrative steps required by the Internal Revenue Code.  (*Id.* ¶ 15–16.)  This is sufficient to demonstrate the Government's prima facie case.

**Conclusion**

      For the foregoing reasons, the Court hereby issues an ORDER TO SHOW CAUSE why the IRS summons should not be enforced.  Any opposition to this order to show cause shall be submitted on or before February 25, 2011.  Any reply shall be submitted on or before March 4, 2011.  The hearing on the order to show cause is scheduled for March 14, 2011 at 1:30 p.m.


mkyc

MINUTES FORM 11
CIVIL-GEN                                                                                             Initials of Deputy Clerk MU